

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# Ace Capitol v. Varadam Foundation

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2232

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ace Capitol v. Varadam Foundation" (2009). *2009 Decisions.* Paper 1308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2232
_____

ACE CAPITOL AND OTHER PARTICIPATING
UNDERWRITERS AND INSURERS SEVERALLY
SUBSCRIBING TO POLICY NO. A5BGLY170

v.

VARADAM FOUNDATION; JAIME JALIFE,
                                                     Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civ. No. 1-05-cv-00413)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2009
Before:   BARRY, WEIS and ROTH, Circuit Judges.
(Filed: May 27, 2009)
_____

OPINION
_____

WEIS, Circuit Judge.

        The District Court entered summary judgment in favor of Ace Capitol, et

al., insurers, and against Varadam Foundation and Jaime Jalife, owners, finding that a

1

navigational clause in a marine insurance policy barred coverage for damage to a vessel. The parties are familiar with the factual background and the legal issues, and because this is a not precedential opinion, we will not discuss the matters in detail.

For a number of years the owners' vessel, the "Mamma Mia," was insured to cover certain operations, *inter alia*, in the east and west coasts of Mexico. On May 23, 2005, the insurers sent a quote to Fredric A. Silberman of Alliance Marine Risk Managers, the owners' broker, based on navigational limits listing various geographical areas, but stating, "Warranted not south of the Tropic of Cancer between 1st June and 31st October inclusive." On May 24, 2005, a policy was issued that did not mention the Tropic of Cancer.

On May 26, 2005, Silberman requested amendments to the policy. The next day, insurers, via facsimile, acknowledged Silberman's communication and stated their understanding that owners would find the "attached endorsement . . . to be in order" and that insurers would "now process formal endorsement accordingly." The insurers' fax closed with, "[w]ill therefore await your further advices in due course." The attached endorsement included the Tropic of Cancer limitation.

Silberman advised the owners' local insurance agent in Mexico of the insurers' communication on the same day, May 27, 2005, noting the changes to the navigational clause.

2

On May 31, 2005, insurers issued a "modified" policy with the Tropic of Cancer limitation included.

On June 5, 2005, the Mamma Mia was damaged when it ran aground at its home port of Puerto Aventuras, south of the Tropic of Cancer. Insurers denied coverage because the accident occurred in a location outside the warranted area. Insurers and owners both filed declaratory actions.

The District Court granted summary judgment in favor of insurers, rejecting the owners' contention that there was a non-binding unilateral modification. The Court held that the terms of the policy were set out in the May 23, 2005, quote from insurers to which owners had agreed in their May 26, 2005, fax. Additionally, the Court refused to accept the owners' theory that the modified policy was a cancellation, a premise that would have granted the owners extended coverage.

On appeal, owners contend that, when interpreted under Delaware law, the policy permits a partial cancellation and that the "modified" policy acted as a partial cancellation. Consequently, the owners claim that they were entitled to a ten-day extension of coverage which would include the date the Mamma Mia ran aground. In the alternative, the owners assert that the policy's cancellation provision is ambiguous and under Delaware law must be construed against the insurers.

We have carefully reviewed the owners' contentions and conclude that a common-sense reading of the policy reveals that the entire contract must be cancelled

before the ten-day extension takes effect. See New Castle County, Del. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 243 F.3d 744, 749-50 (3d Cir. 2001) ("Delaware law requires us to interpret insurance contracts 'in a common sense manner' . . . [and to] examine the disputed language in the context of the entire policy" (citation omitted)). No such cancellation occurred here.

We also find no ambiguity in the cancellation provision. See id. at 750 (ambiguity exists where the provision is "reasonably or fairly susceptible of different interpretations or may have two or more different meanings" (citation omitted)).

Accordingly, the owners' arguments fail, and we will affirm the Judgment of the District Court.

4